**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2377
_____

IN RE: METROPOLITAN LIFE INSURANCE COMPANY SALES
PRACTICES LITIGATION

*Byron B. Mathews, Jr.,
Appellant.

*(Pursuant to Fed. R. App. P. 12(a))

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court Nos.: 2-96-mc-00179 and 0315-2-md-1091)
District Judge: Honorable Donetta W. Ambrose

Submitted under Third Circuit LAR 34.1 (a)
on September 9, 2013

(Filed: September 27, 2013)

Before: RENDELL, JORDAN and GREENAWAY, JR., Circuit Judges

_____

O P I N I O N

_____

**RENDELL**, Circuit Judge:

This matter is before us on appeal from the District Court for the Western District

of Pennsylvania's grant of a motion brought by Metropolitan Life Insurance Company

("MetLife") in the context of the Metropolitan Life Insurance Company Sales Practices

Litigation commenced in that Court in 1996, to enforce the Settlement and Release approved in that litigation in 1999.[1] Appellant Mathews had brought suit in Florida complaining of MetLife's conduct in connection with a disability policy. MetLife's motion urged that Mathews's claim had been released in the prior Litigation. The District Court held that Mathews was bound by that Settlement and Release, and granted MetLife's Motion.[2]

The thrust of Mathews's argument on appeal is twofold: first, he urges that the release here does not bar his claim because it does not have an identical factual predicate (Br. for Appellant 18); second, he argues that he should not be bound by the class action litigation for a number of reasons.

The latter argument—which relies on inadequate class representation, improper certification due to lack of typicality and commonality—is essentially a collateral attack on the prior settlement, and Mathews appears to acknowledge this (*id.* at 27-28), but urges that it should be permitted in this instance. Mathews also contends that he was not properly notified because he "was not properly sent the entire Notice Package." (*Id.* at 47.) However, as MetLife notes, he concedes he received part of the notice package, which contained brochures that put him on notice that the policy was part of the class and outlined the relief available in the action. (Br. of Defs.-Appellees 26; App. II 205-06.)

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.
[2] The Motion was actually granted in part, but also denied in part. The ultimate resolution of the motion is not relevant to this appeal.

He also received notice via publication. The District Court properly concluded that he received adequate notice.

With respect to Mathews's argument that his claim is not barred because it does not have the identical factual predicate, Mathews misstates the context of the District Court's reference to this test and cites to one of our Court's not precedential opinions (which he relies upon as his exclusive authority). However, the District Court did not, as Mathews suggests, hold that a release cannot relinquish claims that do not have the identical factual predicate. To the contrary, the District Court noted that its analysis in this regard was relevant to its discussion of a case involving the exemption from the release for the "independently arising" claims, not to whether the claims were included under the broad release language. (App. I 12.) Indeed, the District Court held that Mathews was not precluded under this exclusion from alleging claims based on "key facts arising after 1997, that do not share a common nucleus with the MDL claims." (App. I 31.) On appeal, Mathews does not rely on this exclusion, nor does he contend that his claim is not covered by the language of the release. Thus, his argument as to the permissible scope of the release must fail.[3]

Similarly, Mathews's collateral attack on the settlement must fail. He urges that such an attack is permissible here because the "class certification and settlement were summary and conclusive in nature," so that, under the jurisprudence of the Second Circuit Court of Appeals in *Wolfert v. Transamerica Home First, Inc*., 439 F.3d 165 (2d

---

[3] It is clear, as MetLife notes, that broad, global releases such as the one included in the settlement of this litigation are commonplace and routinely upheld by the courts. (Br. of Defs.-Appellees 27-28.)

Cir. 2006), it would be unfair to preclude collateral attack. The District Court Judge—the same Judge who had approved the settlement in the MDL—did not bar the issues raised by Mathews based on her unwillingness to entertain a collateral attack on her previous ruling. However, we will affirm the Court's ruling on that basis. We decline to find that the approval of the settlement here was so lacking as to render precluding collateral attack to be unfair. To the contrary, the record is clear that class members had a full and fair hearing. Our case law is clear that "[o]nce a court has decided that the due process protections did occur for a particular class member or group of class members, the issue may not be relitigated." *In re Diet Drugs Prod. Liab. Litig.*, 431 F.3d 141, 146 (3d Cir. 2005).

Therefore, we will affirm the judgment of the District Court.